THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK, Respondent, *v.* COLLIS P. HUNTINGTON,
Appellant.

A lessee in possession is estopped from contesting with his lessor the valid-
ity of the contract under which he has acquired possession.

(Argued April 22, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
July 6, 1886, which affirmed a judgment in favor of plaintiff,
entered upon a decision of the court on trial at Special Term.

This action was brought to recover a quarter's rent of a pier
in the city of New York, alleged to be due.

On April 27, 1883, the department of docks sold, pursuant
to advertisement, the right to collect and retain wharfage on
said pier for the term of ten years from May first thereafter.

By the terms of sale the purchaser was required to agree to
execute a lease, prepared upon the printed forms adopted by
the department, with sureties to be approved by it ; he was
to pay rent quarterly in advance, and, at the time of sale, to

pay twenty-five per cent of the annual rent, the same to be forfeited if he did not execute the lease and bond, as required, within five days after being notified that they were ready for signature. Defendant was the successful bidder, and paid the twenty-five per cent. He also executed and delivered to the department an instrument, by which, after setting forth the purchase, subject to the terms and conditions of the notice, he agreed to execute the lease when notified that it was prepared and ready. The instrument also stated that it was understood and agreed that, until the lease was executed, the conditions and covenants contained therein should be binding and of the same effect as though the lease was executed.

The following is the concluding portion of the opinion:

"The counsel for the appellant insists that, in so far as the writing stipulated that until the execution of the lease the purchaser should be bound by the conditions and covenants of the lease examined, and that it should be as binding and of the same effect as though the lease had been signed and executed, it was *nudum pactum*, because not based upon any obligation of the defendant nor upon any consideration moving from the plaintiff or its officers. We do not deem it necessary to pass upon that question in the disposition of this case. By the execution and delivery of such writing, as a whole, the purchaser at least waived an immediate execution of the lease. Subsequently, and on April thirtieth, he sent to the dock department the names of his proposed sureties. May fifteenth, in reply to a letter from purchaser's counsel of the same date, asking to be informed whenever the lease should be ready for examination and execution, the secretary of the dock department, by letter, informed him that the lease was being drafted by the counsel to the corporation, and that as soon as prepared notification would be promptly given. The letter concluded as follows: 'I am also requested to call your attention to the fact that Mr. Huntington is entitled to the wharfage accruing at the pier from May first, instant, and that he ought to have some one attend to the collection of it for him.'

"May twenty-fourth a draft of the proposed lease was sent to the purchaser's counsel for examination. Objection was

made by the purchaser that the lease provided for rent from May first. Subsequently, and on June thirteenth, the department of docks gave to the purchaser formal notice that the lease was ready for execution and requested him to call with his sureties and execute the same. The purchaser refused to execute the lease. Objection was not made that the lease failed to conform to the terms of sale. It was simply insisted that the formal notice to execute the instrument not having been given until June thirteenth, rent could only be charged from that time. The department of docks refused to accede to the claim made by the purchaser, and, on the contrary, insisted that the lease was in exact accordance with the terms and conditions of sale, and the contract of the parties resulting from the purchase thereunder by the defendant, and that to yield to the insistence of the defendant would be, in effect, the making of a new contract for a shorter term than ten years, and, therefore, not authorized by section 716 of the Consolidation Act of 1882, under and by virtue of which the department of docks acquired the power and authority to lease the property in question. The defendant failing in his attempt to induce the dock department to coincide with his expressed views of the legal effect of the contract, as made between the parties, nevertheless, in the early part of August, 1883, took formal possession and entered upon the enjoyment of the right to collect wharfage, and still remained in possession at the time of this trial. The installments of rent due upon the first days of November and February, as provided by the terms of sale, were paid by him, but he refused to pay the installment of rent falling due August first, to recover which this action was brought. We are of the opinion that the defendant having taken possession of the property, and entered upon the enjoyment of the right to collect wharfage solely, by virtue of the contract made with him by the department of docks at the public sale, cannot now be permitted to question the agreement under which he has elected to take the benefits accruing to him as purchaser; that, in an action to recover the stipulated rent, he must be held to be estopped from contesting with his lessor the validity of the contract under which

he has acquired possession of leased property. This question has been so carefully considered in this court in *Whitney Arms Company* v. *Barlow* (63 N. Y. 62) ; *Woodruff* v. *Erie Railway Company et al.* (93 id. 609), and the *Rider Life Raft Company* v. *Roach* (97 id. 378), as to render further attempt at discussion or the citation of authority superfluous.

" It follows that the judgment appealed from should be affirmed."

*Francis Lynde Stetson* for appellant.

*David J. Dean* for respondent.

PARKER, J., reads for affirmance.
All concur.
Judgment affirmed.